## JAMES MINOR AND WIFE v. PETER BARLOW.

**Parol Contract for Sale of Growing Timber.**
    A parol contract for the sale of the timber generally or a part of the timber standing on a specified tract of land will not pass title to the timber, but such a contract will pass title where for the sale of particular marked or designated trees.

### APPEAL FROM WASHINGTON CIRCUIT COURT.

April 24, 1876.

OPINION BY JUDGE PETERS:

A parol contract for the sale of the timber generally or a part of the timber standing on a specified tract or piece of land will not pass the title to the timber. In order to invest the purchaser with the title it is necessary that the particular trees should be marked and designated so that they can be identified and distinguished as those sold. *Moss v. Meshew, et al.*, 8 Bush 187.

It is not alleged that the timber sold by appellee to appellants was so identified. Nor is it alleged that any definite price was fixed and agreed upon for timber; and in the deed for the land, which is the highest evidence of the intention of the parties, and of what was sold, no mention whatever is made of a sale of anything else than the land described therein. On the contrary, the deed recites that the money was paid by appellants for the land therein conveyed to them, and there is no allegation of fraud or mistake in the deed.

There is no error in the judgment and the same is *affirmed*.

*W. B. Harrison*, for appellants.
*Brown & Lewis*, for appellee.